UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MARROCCO,

    Plaintiff,

v.

Case No. 12-10605

Honorable Patrick J. Duggan

CHASE BANK, N.A. c/o CHASE HOME
FINANCE LLC, WELLS FARGO BANK,
N.A., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
GREENPOINT MORTGAGE FUNDING,
INC.,

    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 26, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On December 6, 2011, John Marrocco ("Plaintiff") filed this *pro se* action to quiet title to real property located in Clinton Township, Michigan. Presently before the Court is a motion to dismiss filed by defendants JPMorgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter has been fully briefed, and on June 22, 2012, the Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons

set forth below, the Court grants Defendants' motion.

## I. Factual and Procedural Background

On June 13, 2005, Plaintiff obtained a loan of $181,000 from GreenPoint Mortgage Funding, Inc. ("GreenPoint"). As security for the loan, Plaintiff executed a mortgage on real property located in Clinton Township, Michigan. MERS was the mortgagee, as nominee for the lender and the lender's successors and assigns. At some point, Chase began servicing this loan.

Plaintiff later defaulted on the loan, and in August 2009, he filed for a bankruptcy petition under Chapter 7 of the Bankruptcy Code. Plaintiff was granted a discharge on November 17, 2009. *See* Compl. Ex. 2. Plaintiff continued to live in the property after the bankruptcy discharge.

Plaintiff subsequently came to believe that he had been defrauded by Chase. With the assistance of counsel, he sent Chase a letter dated April 26, 2011 seeking production of certain documents and records, including an accounting of payments and fees relating to the loan. *See* Compl. Ex. 3. Chase responded to this letter on May 3, 2011, attaching a number of documents to its response.

Plaintiff filed this *pro se* action on December 6, 2011. The Complaint named as defendants Chase, MERS, GreenPoint, and Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff alleges that Chase and Wells Fargo are threatening to foreclose on the property, even though he believes that the debt has been discharged. Compl. ¶ 13. He asserts that "Defendants" have violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. Compl. ¶ 12. The Complaint also includes a claim seeking to quiet title

to the property, extinguishing any interest claimed by the defendants. *Id.* ¶ 22. Chase and MERS removed the action to this Court on February 10, 2012. GreenPoint answered the Complaint on February 27, 2012. Chase and MERS have now moved to dismiss the claims against them pursuant to Rule 12(b)(6).

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Supreme Court recently provided, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a plausible claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not

applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

**A. RESPA Claim**

Plaintiff asserts that his April 26, 2011 letter constituted a qualified written request ("QWR") under RESPA, and Chase violated the statute by failing to adequately respond.[1] Compl. ¶¶ 10-12. Defendants argue that Plaintiff has failed to allege any facts indicating that he was harmed as a result of the supposedly inadequate response to his QWR. To assert a plausible claim under § 2605(e), a plaintiff must allege actual damages resulting from the RESPA violation.[2] *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 898 (E.D.

---

[1] Although the Complaint states that "Defendants" have violated RESPA, the allegations relating to the QWR indicate that Plaintiff's correspondence was sent only to Chase. Plaintiff has thus failed to allege any activity on the part of the remaining defendants that might constitute a RESPA violation. For this reason, the RESPA claim fails with respect to MERS.

[2] Plaintiffs may alternatively show a "pattern or practice of noncompliance" with RESPA requirements, *see* § 2605(f)(1)(B), but Plaintiff has not made such allegations here.

4

Mich. 2011); *see also Battah v. Resmae Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 795-96 (E.D. Mich. 2010).  The Complaint contains no allegations indicating a causal connection between the response to Plaintiff's QWR and the subsequent threats of foreclosure. Rather, it appears that foreclosure was threatened because Plaintiff has failed to make the scheduled loan payments.  *See* Compl. ¶ 13.  The Court accordingly concludes that the RESPA claim must be dismissed.

**B. Quiet Title**

Plaintiff asserts that he is the sole lawful holder of title to the Clinton Township property, and requests that the Court extinguish any interest in the property claimed by the defendants.  Compl. ¶¶ 21-22.  A plaintiff seeking to quiet title must prove that he has a claim to the property that is superior to any other person's claim.  *See Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999).  Plaintiff does not dispute that he executed a mortgage on the property; instead, he contends that this mortgage is null and void.  Compl. ¶ 19.  Specifically, his claim is based on GreenPoint's transfer of the note without the mortgage.  GreenPoint allegedly transferred the note into a trust so that the loan could be securitized and sold to investors.  *Id.* ¶ 15.  Plaintiff asserts that splitting title from the note rendered the mortgage "a nullity."  He alleges that the securitization of his loan resulted in the note being "paid off by the Federal

Government," and thus, the mortgage was discharged. *Id.* Defendants contend that Plaintiff has failed to provide any reason why he should be entitled to the property free of the mortgage.

The Michigan Supreme Court has recently rejected the legal theory underlying the Complaint. In *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183 (Mich. 2011), the Michigan Supreme Court recognized that the note may be separated from the mortgage that secures it:

> The rule is well-settled that . . . the mortgagee has a lien on the land to secure the debt. It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience.

*Id.* at 909-10, 805 N.W.2d at 183-84 (citations and quotation marks omitted). The Sixth Circuit has also recently recognized that a mortgage is enforceable under Michigan law even if it has been separated from the promissory note. *See Yuille v. Am. Home Mortg. Servs., Inc.*, No. 10-2564, 2012 U.S. App. LEXIS 10797, at *7-8 (6th Cir. May 29, 2012). The Court concludes that the validity of the mortgage was unaffected by the separation of the note and mortgage.[3]

---

[3] Defendants contend, in the alternative, that Plaintiff's claims are barred by his failure to list them in his bankruptcy asset schedules. Defendants assert that Plaintiff lacks standing to pursue his claims or should be judicially estopped from doing so. The cases cited by Defendants, however, involve plaintiffs that were aware of their claims before filing for bankruptcy protection. *See* Defs.' Br. 10-11. The allegations of the Complaint do not establish Plaintiff's knowledge concerning his claims prior to the filing of the bankruptcy petition. *See* Compl. ¶¶ 9-10 (suggesting that Plaintiff learned of the alleged fraud in approximately April 2011). For purposes of Defendants' motion, the Court must draw all reasonable inferences in Plaintiff's favor. The Court thus presumes that Plaintiff was not aware of his claims until after the bankruptcy filing. Accordingly, Defendants' standing

In his response brief, Plaintiff contests the transfer of his loan into a trust pursuant to a Pooling and Servicing Agreement.  This argument lacks merit, because as Defendants note, "there is ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing to challenge that assignment."  *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102-03 (6th Cir. 2010) (internal quotation marks omitted).  Thus, Plaintiff's reliance on various provisions of the Pooling and Servicing Agreement is misplaced.

As for Plaintiff's belief that securitization of the loan resulted in the loan being "paid off by the Federal Government," Compl. ¶ 15, the Court is unaware of any legal authority supporting this proposition.  Where a party obtains money in exchange for a note and mortgage but fails to repay the debt, he cannot seek judicial assistance in avoiding his contractual obligations.  *See Yuille*, 2012 U.S. App. LEXIS 10797, at *6. Because Plaintiff does not allege that he satisfied the debt, the Court concludes that the property remains subject to the mortgage.

## IV. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's claim under the Real Estate Settlement Procedures Act must be dismissed.  The quiet title claim must also be dismissed, as Plaintiff has failed to allege facts that would provide sufficient grounds for invalidating the mortgage.

Accordingly,

---

and estoppel arguments do not provide grounds for granting their motion.

7

**IT IS ORDERED** that Defendants' motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Joseph H. Hickey, Esq.
Laura Baucas, Esq.
Nasseem S. Ramin, Esq.
Michael P. Herzoff, Esq.
Stuart A. Best, Esq.

John Marrocco
37655 Palmar
Clinton Township, MI 48036